IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRENTON LETROY JACKSON,<br>TDCJ #1231590,<br><br>Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-3656 |
| RICK THALER, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division,<br><br>Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Trenton LeTroy Jackson (TDCJ #1231590), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Jackson seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion to dismiss [Doc. # 13], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Jackson has filed a reply [Doc. # 14]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I. BACKGROUND

Jackson is currently incarcerated in TDCJ as the result of a conviction for felony murder with injury to a child in cause number 981891. In that case, a jury in the 185th District Court of Harris County, Texas, found Jackson guilty of murdering his three-year-old

daughter by inflicting serious bodily injury. Thereafter, the trial court sentenced Jackson to life imprisonment on April 14, 2004.

On direct appeal, Jackson challenged the factual and legal sufficiency of the evidence supporting his conviction. The court of appeals rejected all of Jackson's arguments and affirmed the conviction based on the following summary of the evidence submitted at trial:

> Background
>
> [Jackson] lived in an apartment with the mother of several of his children, along with the children, his girlfriend's mother, and the mother's boyfriend. [Jackson] did not live with T.J., his three-year-old daughter by another woman. T.J. did not know her father well, as he had been in and out of jail for most of her life. [Jackson] picked T.J. up for a visit on the night of Wednesday, April 2, 2003. On Saturday, April 5, at around 6:00 p.m., T.J. passed out and was taken by ambulance to a trauma hospital after responding paramedics found her showing signs of severe trauma from a high impact injury to the head or spine. It was later determined that T.J. had suffered at least six blunt force impacts to the head, resulting in a subdural hematoma, which is a collection of blood between the skull and the tissue surrounding the brain. T.J. also had extensive bruising all over her body, including her head, neck, arms, lower abdomen, buttocks, and legs. A treating physician testified that T.J. had no unbruised skin from her waist to the middle of her thighs and that she "had never seen someone who had been this badly bruised on her buttocks." T.J. died four days later. The medical examiner concluded that T.J. had been "beaten to death," specifically from the blunt force injuries to her head. The medical evidence could not pinpoint the exact time of T.J.'s head injuries, but it was sometime within the seven hours before the ambulance arrived at around 6:30 p.m.
>
> When questioned by the police about T.J.'s injuries shortly after the ambulance left, [Jackson] admitted she was physically fine when he picked her up on Wednesday and claimed to have no idea how she sustained such extensive bruising or how her head was injured. [Jackson] stated that he had spanked T.J. with a belt two times, once Friday and once Saturday, with each spanking consisting of about fifteen strikes. He explained that T.J. did not like him, was afraid of him, and constantly complained that she wanted to go home.

> [Jackson] claimed that on the two occasions he spanked her, T.J. had attempted to get [Jackson] to take her home by urinating and/or defecating on herself.
>
> [Jackson] told police and later testified at trial that during the visit, he spanked T.J. only twice with a belt and "didn't pop her hard," but the jury heard evidence to the contrary. Kenneth Newman, who was [Jackson]'s girlfriend's mother's boyfriend and was at the apartment during T.J.'s entire visit, testified that [Jackson] spanked T.J. with a belt in a bedroom with the door closed two or three times per day each day T.J. was there. Newman explained that the situation was "worse" on Saturday because [Jackson] was angrier and more frustrated with T.J., beat her longer and harder, and afterward emerged from the bedroom sweating. [Jackson] returned to the room a short time later, found T.J. passed out with her eyes rolling back in her head, and had someone call 911.
>
> Though [Jackson] initially offered no explanation for T.J.'s head injuries when questioned by the police, he presented two theories at trial. First, he speculated that T.J. might have hurt herself by banging her head on a bunk bed ladder or against the wall. Three other witnesses also claimed that T.J. had hit her head on the bunk bed ladder either Thursday or Friday. Second, [Jackson] claims that he saw T.J.'s mother drop T.J. on her head earlier in the day on Wednesday before he brought her to the apartment that night. However, the medical evidence established that T.J.'s head injuries came from "significant blunt force" equivalent to that of an automobile accident or a fall down a flight of stairs, that they could not have been self-inflicted, and that they occurred on Saturday, not before.

*Jackson v. State*, No. 14-04-00377-CR, 2005 WL 2455190, *1-2 (Tex. App. — [14th Dist.] Oct. 6, 2005). After the intermediate court of appeals affirmed the conviction, the Texas Court of Criminal Appeals refused Jackson's petition for discretionary review on January 25, 2006.

On November 2, 2007, Jackson filed a state habeas corpus application to challenge his conviction further. In that application, Jackson complained that he was denied effective assistance of counsel and that one of the state's witnesses (Kenneth Newman) gave false

testimony. The state habeas corpus court, which also presided over Jackson's trial, entered findings of fact and concluded that relief should be denied. The Texas Court of Criminal Appeals agreed and denied relief without a written order on February 11, 2009. *Ex parte Jackson*, No. 70,616-02.[1]

In a federal petition that was executed on October 25, 2009, Jackson now seeks a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his state court conviction for felony murder. Jackson raises claims of ineffective-assistance similar to those were raised and rejected on state habeas corpus review. Jackson also complains that the prosecutor engaged in misconduct by sponsoring or failing to correct false testimony. The respondent maintains that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Jackson has filed a reply. The parties' contentions are discussed further below.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

---

[1] On or about July 28, 2008, Jackson filed a motion for an evidentiary hearing with the Texas Court of Criminal Appeals. Construing the motion as an application for a writ of mandamus, the Texas Court of Criminal Appeals denied relief on October 1, 2008. *See Ex parte Jackson*, No. 70,616-01.

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As outlined above, Jackson was convicted and sentenced to life imprisonment pursuant to a state court judgment that was entered against him on April 14, 2004. The state court of appeals affirmed the conviction on October 6, 2005, and the Texas Court of Criminal Appeals refused discretionary review on January 25, 2006. Direct review concluded ninety days later on April 26, 2006, at the expiration of the time to file a petition for a writ of certiorari with the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (noting that, under the AEDPA, a conviction becomes final at the conclusion of direct review or when the time for such review has expired, regardless of the state law's definition of finality). That date triggered the limitations period found in § 2244(d)(1)(A), which expired one-year later on April 26, 2007. Jackson's pending federal habeas petition, which is dated October 25, 2009, is late by more than two years and is therefore time-barred unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The record reflects that Jackson filed a state habeas corpus application on November 2, 2007, which the Texas Court of Criminal Appeals denied on February 11, 2009. *Ex parte Jackson*, No. 70,616-02. Because

this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Jackson has filed a reply to the respondent's motion to dismiss, but he offers no valid excuse for his failure to file a timely petition. The state court records do not show that Jackson pursued relief with the requisite diligence to warrant tolling for equitable reasons. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In that respect, Jackson concedes that he waited more than a year after the judgment became final on April 26, 2006, to file a state habeas corpus application on November 2, 2007. Likewise, after the Texas Court of Criminal Appeals denied his state habeas application on February 11, 2009, Jackson waited over eight months to execute his federal habeas petition on October 25, 2009. Jackson offers no explanation for this delay. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Jackson proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th

Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Jackson presents no other basis for statutory or equitable tolling and the record does not disclose any.[2] Accordingly, the petition must be dismissed as barred by the governing one-year limitations period.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282

---

[2] The Court notes, in the alternative, that Jackson's claims were rejected on state habeas corpus review by the same judge who presided over the trial. *See Ex parte Jackson*, No. 70,616-02 at 63-65. Because the petition is barred from review by the statute of limitations, the Court does not address the merits further.

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 13] is **GRANTED**.
2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.
3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on August 12, 2010.

Nancy F. Atlas
United States District Judge